PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | CASE NO. 4:17CV2529 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SENIOR OFFICER CUEVAS, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 4 ] |

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 4). Plaintiff filed a response in opposition. ECF No. 5. Defendants replied. ECF No. 6. For the reasons stated below, Defendants' Motion to Dismiss is granted in part, and this action is remanded to the Mahoning County Court of Common Pleas.

**I. Background**

*Pro se* Plaintiff Frederick Banks filed this *Bivens*[1] action in the Mahoning County Court of Common Pleas against the Northeast Ohio Correctional Center ("NEOCC"), Core Civic, Inc., which owns and operates NEOCC, Core Civic, Inc.'s CEO Damon Hininger, NEOCC Warden Christopher LaRose, Corrections Officer DeJohn, Corrections Officer Jim Giles, and Senior Officer Cuevas (collectively "the Defendants"). ECF No. 1-1. In the Complaint, Plaintiff contends that, Defendants Cuevas, Giles, and DeJohn interfered with the free practice of his religion (Wicca) and retaliated against him for practicing Wicca by taking things from his cell

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:17CV2529)

when he was at a medical appointment. *Id.* at PageID#: 18—19. Plaintiff also asserts that he is being held in pretrial detention longer than the maximum sentence under the applicable guideline range. *Id.* at PageID#: 20. Plaintiff demands to be released from custody and seeks monetary relief. *Id.* Defendants move to dismiss Plaintiff's Complaint under Federal Civil Procedure Rule 12(b)(6). ECF No. 4.

For the reasons stated below, Defendants' motion (ECF No. 4) is granted in part, and this action is remanded to the Mahoning County Court of Common Pleas.

## II. Removal

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Notice of Removal of a civil action or proceeding must be filed within thirty days after the receipt by the defendant through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b). Moreover, when the action is removed under § 1441(a), all of the defendants who have been properly served must join in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(A). Finally, when diversity of citizenship is the basis for removal, the case cannot be removed from state court if any of the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

## III. Law and Analysis

Defendants removed this action citing the presence of a federal question in the form of a *Bivens* claim for denial of free exercise of religion, and *habeas* claim pertaining to the length of

(4:17CV2529)

Plaintiff's pretrial detention compared to the length of his possible sentence.  *See* ECF Nos. 1 and 1-1.

As an initial matter, Plaintiff cannot challenge his confinement in a civil rights action. To challenge the legality of his detention, Plaintiff's sole remedy is a *habeas corpus* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Plaintiff cannot file *habeas* claims within a civil rights action.  Furthermore, although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial *habeas corpus* petitions, courts should abstain from the exercise of that jurisdiction if the issues raised in the *habeas corpus* petition may be resolved either by trial on the merits or by other procedures available to the petitioner.  *See*, *e.g.*, *Fay v. Noia*, 372 U.S. 391, 417—420 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).  The claims asserted by Plaintiff can and should be raised to the federal court in which the charges against him are pending.  Therefore, Plaintiff's claim for *habeas* relief is dismissed.

The sole remaining claim providing a possible basis for federal court jurisdiction is Plaintiff's claim for denial of the free exercise of his religion under the First Amendment.  *See* ECF No. 1-1.  Before proceeding to the merits of this claim, the Court must decide whether *Bivens* provides a cause of action in this context.

The United States Supreme Court recently clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors.  *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017).  Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by

(4:17CV2529)

state officials through 42 U.S.C. § 1983; however, Congress did not provide a corresponding remedy for constitutional violations by federal officials. In *Bivens*, decided in 1971, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Since then, the Supreme Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar*, 137 S.Ct. at 1855.

In *Ziglar*, the Supreme Court explained its decision to limit the implied damages remedy stating that, *Bivens*, *Davis*, and *Carlson* were decided at a time when the prevailing law assumed that a proper function of the courts was to "provide such remedies as are necessary to make effective" a statute's purpose. *Id.* at 1848 (quoting *J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964)). The Supreme Court has since adopted a far more cautious approach, looking instead to statutory intent to determine whether Congress intended to create a private right of action under those circumstances. *Id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) and *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). "Similar caution must be exercised with respect to damages actions implied to enforce the Constitution itself." *Id.* While *Bivens* is still well-settled law in its own context, expanding *Bivens* to new contexts is now "disfavored." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Therefore, when a Plaintiff seeks to assert an

4

(4:17CV2529)

implied cause of action under the Constitution, "separation-of-powers principles should be central to the analysis." *Ziglar*, 137 S.Ct. at 1857. Specifically, courts should ask whether Congress or the judiciary should decide when to authorize a damages suit. *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 380 (1983)). The Supreme Court states that most often, this question will be answered in favor of Congress, because the Legislature is in a better position to determine if the public interest will be better served by creating a "new substantive legal liability." *Id.* *Bivens* will not be extended to a new context if there are "'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* (quoting *Carlson*, 446 U.S. at 18). If there are sound reasons to suppose Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, courts must refrain from creating that kind of remedy. *See id.* at 1858. Furthermore, if there is an alternative remedial structure in place to address a given situation, the court should not infer a new *Bivens* cause of action. *Id.*

In the present case, Plaintiff seeks to assert a First Amendment Freedom of Religion claim under *Bivens*. *See* ECF No. 1-1. Plaintiff's claim does not fall under the existing contexts in which a *Bivens* remedy has been implied. Furthermore, the Supreme Court has already declined to extend *Bivens* to causes of action asserted against private prisons, *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001), and employees of private prisons when a remedy exists under state law to address the injury, *Minneci v. Pollard*, 565 U.S. 118, 120 (2012). Given the Supreme Court's decision in *Ziglar*, and its decisions in *Malesko* and *Minneci*, the Court will not imply a damages remedy under *Bivens* in this context. The Court expresses no opinion on whether Plaintiff has a viable cause of action under state law to assert this claim.

5

(4:17CV2529)

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss ([ECF No. 4](ECF No. 4)) is granted with respect to Plaintiff's *habeas* claim and any claim he may be asserting under *[Bivens](Bivens)*. Plaintiff's remaining state law claims are remanded to the Mahoning County Court of Common Pleas.

    IT IS SO ORDERED.

| | |
|---|---|
|   June 6, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |